```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                                            :
ADRIANNE CRONAS, LINDA PASICHNYK,                           :
and THERESA REARDON, individually and on                    :
behalf of all similarly situated persons,                   :
                                                            :
                              Plaintiffs,                   :
                                                            :           06 Civ. 15295 (GEL)
                -v-                                         :
                                                            :           OPINION AND ORDER
                                                            :
WILLIS GROUP HOLDINGS LTD., et al.,                         :
                                                            :
                              Defendants.                   :
                                                            :
------------------------------------------------------------x
```

GERARD E. LYNCH, District Judge:

      Plaintiffs are three former employees of Willis of New York ("Willis NY") and Willis of Massachusetts ("Willis MA"), which are subsidiaries of Willis North America ("Willis NA"), which is in turn a subsidiary of Willis Group Holdings, Ltd. ("Willis Group") (all entities collectively, "Willis"). Plaintiffs claim that they were denied promotional opportunities and equal compensation because of their sex in violation of federal and state law. They purport to represent a class of all current and former female officers or officer-equivalents employed by Willis Group and its subsidiaries nationwide.

      In a joint letter dated September 23, 2008 (the "Joint Letter"), the parties seek resolution of two points of contention regarding discovery: (1) the appropriate geographic scope of defendants' document production regarding compensation policies and practices; and (2) defendants' obligations with respect to electronic discovery.

I.     **Geographic Scope of Document Production**

To date, defendants have produced documents relating to promotion and compensation decisions regarding plaintiffs Cronas and Pasichnyk, who were employed by Willis NY, and documents relating to promotion and compensation decisions regarding officers and officer-equivalents at Willis NY generally.[1]  (Id. 18-19.)  Plaintiffs seek production of documents relating to the compensation and promotion decisions regarding officers and officer-equivalents at Willis Group and its subsidiaries nationwide.[2]  Although Cronas and Pasichnyk themselves only worked for one of forty-six Willis entities incorporated in the United States, see Joint Letter 11, plaintiffs argue that nationwide discovery is justified because decision-making regarding compensation for Willis employees across the country was conducted centrally.

The scope of discovery allowed under the Federal Rules is "very broad," Maresco v. Evans Chemetics, Div. of W.R. Grace & Co., 964 F.2d 106, 114 (2d Cir. 1992), but it is still limited to "nonprivileged matter that is relevant to any party's claim or defense," Fed. R. Civ. P. 26(b)(1).  Beyond that, a court may for "good cause" order discovery on any matter "relevant to the subject matter involved in the action." Id.  However, a court "must limit the frequency or extent of discovery otherwise allowed . . . if it determines that . . . the burden or expense of the

---

[1] Defendants have not produced discovery regarding plaintiff Reardon, who was employed by Willis MA, pending resolution of a motion to dismiss her claims. See Motion to Dismiss and Compel Arbitration of Plaintiff Theresa Reardon's Claims, filed August 7, 2008 (Doc. #32.)  This dispute therefore relates only to plaintiffs Cronas and Pasichnyk.

[2] In the joint letter, plaintiffs describe their request as production of a "nationwide employee database for analysis of gender disparity in compensation." (Joint Letter 9.)  However, defendants correctly point out that the actual request is much broader, and includes not only a database of employees' compensation, but also "[a]ll documents containing or reflecting any decision and/or any decision-making processes or policies regarding the compensation . . . of any . . . officer or officer-equivalent." (Pl. Ex. R to Joint Letter ¶ A.1.)

proposed discovery outweighs its likely benefit." Id. 26(b)(2)(C). Here, merits discovery and class discovery are proceeding in parallel, see Order of February 4, 2008 (Doc. #26), so plaintiffs are entitled to discovery on matters that are relevant either to their substantive claims or to their class allegations. Plaintiffs fail to establish that the requested nationwide discovery is relevant to either their substantive claims or their class allegations.

Plaintiffs identify certain centralized employment policies and practices. For example, Willis Group apparently has written compensation guidelines setting forth the "principles of Willis's compensation philosophy" (Joint Letter 5), a common employee appraisal form (id. 8), and a centralized process for "review[ing] and approv[ing] salary and bonus recommendations" for all employees nationwide (id. 5-6). Under this centralized process, recommendations made each year by management at local offices, such as Willis NY, are reviewed first by the Willis NA CEO, then by the Willis Group CFO and head of human resources, and finally by the Willis Group chairman. (Id.) Only after they have been approved by these senior executives is a compensation or promotion decision final. (Id.)

But there is no evidence that these centralized policies and practices had any discriminatory effect on the terms of plaintiffs' employment. Plaintiffs do not dispute that local management at Willis NY were responsible for recommending their starting salaries, salary increases, bonuses, and promotions. (See id. 21.) While such recommendations were subject to approval by Willis senior management, plaintiffs cannot identify any instance in which the recommendations were not ratified. (See id. 20.) Plaintiffs do not otherwise identify any evidence that the centralized policies and practices had any discriminatory effect on them.

As a consequence, there is nothing to suggest that nationwide discovery would be relevant to plaintiffs' substantive claims of discrimination. If the adverse decisions regarding plaintiffs were made locally rather than nationally, as the evidence indicates, any discrimination revealed by nationwide discovery would be the result of decisions and policies unrelated to the decisions and policies that affected plaintiffs. Evidence of discriminatory acts taken by different supervisors in different offices against different employees would not tend to prove that plaintiffs had suffered discrimination.

For similar reasons, such evidence would not tend to establish plaintiffs' class allegations. To certify a class, plaintiffs need to prove that their claims are "typical" of the claims of other class members, and that there are "questions of law or fact common to the class." Fed. R. Civ. P. 23(a). If the alleged discrimination is the result of recommendations made by management at Willis NY, as the evidence suggests, evidence of discrimination elsewhere would not tend to prove that plaintiffs' claims of discrimination are typical of discrimination claims made by other, differently situated employees, nor would it reveal common questions of law or fact. Plaintiffs do not contend that such evidence would be relevant to proving any of the other requirements for class certification.

Instead, the only purpose of nationwide discovery would be to allow plaintiffs' counsel to search for other Willis employees with colorable claims of discrimination. This is the proverbial "fishing expedition," not an appropriate use of discovery. See, e.g., In re Western Dist. Xerox Litigation, 140 F.R.D. 264, 270 (W.D.N.Y. 1991) (denying companywide discovery where "plaintiffs indiscriminately seek full . . . data of every employing unit within Xerox despite a failure of proof that local implementation [of a reduction-in-force plan] was in any way

4

connected or related to . . . implementation in another unit.")

Moreover, the requested discovery would be burdensome on defendants. Plaintiffs seek all documents regarding compensation and promotion decisions made between 2002 and 2007 regarding every Willis officer or officer-equivalent in all seventy Willis offices in the United States. (Joint Letter 16.) In addition, plaintiffs demand that defendants produce "their nationwide employee database for analysis of gender disparity in compensation." (Id. 9.) Defendants claim that such a database does not exist in a usable format and would cost "hundreds of thousands of dollars" to assemble (id. 16-17), an estimate plaintiffs do not dispute. To the extent that nationwide discovery is remotely relevant to plaintiffs' claims, the burden of production outweighs its likely benefit.

This Court rejected a request for nationwide discovery almost identical to this one in Hnot v. Willis, No. 01 Civ. 6558 (S.D.N.Y.), in which plaintiffs alleged sex-based discrimination on behalf of a purported nationwide class against the same Willis entities sued here. The Court found it "quite clear" that promotions and compensation decisions at Willis were made "on a local or at most a regional basis." (1/9/03 Tr., Pl. Ex. 1 to Joint Letter, at 4.) The Court noted Willis's "nationwide 'compensation plans,'" but also that "plaintiffs do not challenge as discriminatory any feature of any of these plans." (Id. 5.) The Court noted that "salary increases are 'reviewed' at the national level," but also that "plaintiffs cite no evidence that national executives ever rejected a locally proposed increase." (Id. 6.) The Court concluded that plaintiffs may not, "simply by alleging discrimination against them or by expressing the desire to represent a national class . . . , compel the production of extremely burdensome and expensive discovery about employment practices in other parts of the country by other decision-makers

5

who had nothing directly to do with their experiences." (Id. 9.)  On a materially similar set of facts, the same conclusion is appropriate here.

Plaintiffs request that, as an alternative to nationwide discovery, they be permitted to engage in additional discovery about the centralized "compensation review and approval process at Willis during the years 2002 to the present." (Joint Letter 9.)  Plaintiffs have already had an opportunity to engage in extensive discovery on the decision-making process at Willis, as it relates to plaintiffs and to all employees of Willis NY.  Pursuant to this discovery, defendants have produced "materials relating to the review of [Willis NY] salary increase and bonus award recommendations," and "national policies and procedures that applied not only to [Willis NY] but [to] other offices as well." (Id. 19.)  Plaintiffs request, therefore, is that defendants produce information on the review process *unrelated* to plaintiffs or other employees of Willis NY.  This request fails for the same reasons as their request for nationwide discovery.  Since there is no evidence that Willis's centralized policies and practices discriminated against plaintiffs, evidence of how those policies and practices operated with respect to other employees is not relevant to plaintiffs' claims.

## II.    Electronic Discovery

The parties appear to have a number of disputes regarding electronic discovery, though the Court finds it difficult to determine the precise contours of those disputes, and so does not find them ripe for resolution.  However, in the interests of expediting discovery, the Court sets forth the principles that should guide the parties in attempting to resolve these disputes themselves.

First, plaintiffs complain that defendants have failed to produce certain "readily identifiable and ascertainable" emails and electronic documents related to the centralized review of local compensation and promotion recommendations. (Joint Letter 9.) These are items apparently "generated by or transmitted to the Compensation Teams and the seven top officials who reviewed and approved the raises and bonuses for Willis." (Id. 23.) But it is not clear whether these items concern compensation and promotion decisions regarding plaintiffs or any officers or officer-equivalents at Willis NY. To the extent that they do, plaintiffs are entitled to them.

Second, plaintiffs ask that the Court "order defendants, inter alia, to supplement the electronic discovery lists that we have already provided them with any missing relevant names and search terms." (Id. 10.) Defendants do not appear to address this request, and plaintiffs do not raise it again in their reply. However, to the extent that such additional names and search terms are necessary for the delivery of "nonprivileged matter that is relevant to any party's claim or defense," Fed. R. Civ. P. 26(b)(1), plaintiffs are obliged to provide them.

Third, there appears to be some dispute about the mechanics of providing other electronic discovery, and whether (and how) the costs should be split. "[T]he presumption is that the responding party must bear the expense of complying with discovery requests." Zubulake v. UBS Warburg LLC, 217 F.R.D. 309, 317 (S.D.N.Y. 2003), citing Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 358 (1978). Accordingly, "cost-shifting should be considered only when electronic discovery imposes an 'undue burden or expense' on the responding party." Zubulake, 217 F.R.D. at 318. However, as the parties do not fully brief the issue, and as they indicate that they are engaged in ongoing discussions on the matter (see Joint Letter 10, 19, 26, 27), it is

7

premature for the Court to decide the issue definitively.

Accordingly, plaintiffs' request that discovery be enlarged to include documents relating to the compensation and promotions of officers and officer-equivalents at Willis Group and all its subsidiaries nationwide is DENIED. As discovery has not yet closed, plaintiffs may renew their request at a later date should such an application be appropraite based on newly discovered evidence.

The Clerk of the Court is respectfully requested to docket the Joint Letter and accompanying exhibits attached to this Order.

SO ORDERED.

Dated: New York, New York
October 8, 2008

_____
GERARD E. LYNCH
United States District Judge