```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                                             :
ADRIANNE CRONAS, LINDA PASICHNYK,                            :
and THERESA REARDON, individually and on                     :
behalf of all similarly situated persons,                    :
                                                             :
                          Plaintiffs,                        :
                                                             :           06 Civ. 15295 (GEL)
            -v-                                              :
                                                             :           OPINION AND ORDER
WILLIS GROUP HOLDINGS LTD., et al.,                          :
                                                             :
                          Defendants.                        :
                                                             :
------------------------------------------------------------x
```

GERARD E. LYNCH, District Judge:

      Plaintiff Theresa Reardon is one of the named plaintiffs and would-be class representatives in this putative class action for employment discrimination on the basis of sex. Defendants, however, point out that Reardon's employment contract contains a prominent provision requiring arbitration of "any dispute arising either under this Agreement or from the employment relationship." (Plevan Decl. Ex. A § 6.) Relying on this provision, they move to dismiss Reardon's claims and compel arbitration. The motion will be granted.

      Reardon "concede[s] that [the Court] has the authority to send [her] individual claims to arbitration." (P. Mem. 2.) She could hardly do otherwise. The Federal Arbitration Act establishes a "federal policy favoring arbitration" and "mandates enforcement of agreements to arbitrate claims." Shearson/American Express, Inc. v. McMahon, 482 U.S. 220, 226 (1987) (citation and internal quotation marks omitted). The provisions of the Act are "mandatory," requiring "that district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." Genesco, Inc. v. T. Kakiuchi & Co., 815 F.2d

840, 844 (2d Cir. 1987) (citation and internal quotation marks omitted; emphasis in original). Here, Reardon acknowledges that the parties have agreed to arbitrate, that all of her discrimination claims are within the scope of the arbitration agreement, and that there is no express or implied statutory policy against arbitration of federal employment discrimination claims. See Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20, 35 (1991). Reardon's claims are thus subject to arbitration, and the Court must grant defendants' motion to dismiss her claims from this case and compel arbitration of those claims.

    Reardon does not contend otherwise. Instead of arguing the merits of defendants' concededly meritorious motion, she argues that the Court should simply defer ruling on the motion until after the Court has ruled on plaintiffs' anticipated class certification motion. This puts the cart before the horse. A plaintiff cannot seek class certification if she has no claim that is properly before the Court in the first place. Whether other plaintiffs succeed in securing class certification, or whether Reardon could potentially be included as a member of whatever class might eventually be certified, has no bearing on the present motion. Nor is it significant that Reardon, if forced to arbitrate her claims, might seek to assert claims in arbitration on behalf of a broader class. (The Court, of course, expresses no view on whether such a maneuver would be successful; that question would be for the arbitrators to resolve.) Reardon has asserted claims against defendants in this action; those claims are arbitrable at defendants' demand; defendants have demanded that the claims be arbitrated rather than litigated. Accordingly, the motion to compel arbitration must be granted. The Court cannot, and will not, avoid ruling on a motion the merit of which is clear and, indeed, conceded in order to further the tactical goals of one or another party.

Defendants further request that defendant Willis of Massachusetts, Inc., be dismissed from the case, because Reardon was the only plaintiff asserting claims against that entity. That is not yet clear at this stage of the litigation. The remaining plaintiffs purport to assert claims on behalf of a nationwide class of employees working for what they claim is an integrated employer, Willis Group Holdings Ltd., through a variety of its subsidiaries. Whether such claims can be sustained, whether a class beyond employees of Willis of New York, Inc. (which employs the two remaining named plaintiffs), or even whether discovery beyond Willis of New York should be granted, are issues that remain to be determined in the case, and that do not turn directly – as does the viability of Reardon's claims – on the existence of an arbitration clause in Reardon's contract. Sufficient for the moment are the problems thereof, and the dismissal of Reardon's claims is sufficient relief to vindicate the agreement between the parties.

Accordingly, for the reasons stated, defendants' motion to compel arbitration of the claims of plaintiff Theresa Reardon, and to dismiss those claims from this lawsuit, is granted.

SO ORDERED.

Dated: New York, New York
       November 20, 2008

                                        GERARD E. LYNCH
                                        United States District Judge

3