**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------ X

ADRIANNE CRONAS and LINDA
PASICHNYK, individually and on behalf of all
similarly situated persons,

                    Plaintiffs,

    -against-

WILLIS GROUP HOLDINGS, LTD., WILLIS
OF NORTH AMERICA INC., WILLIS OF
NEW YORK, WILLIS OF NEW JERSEY,
WILLIS OF MASSACHUSETTS,

                  Defendants.

------------------------------------------------------------ X

:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:

06 CV 15295 (RMB)(DCF)
ECF Case

**CONSENT DECREE**

# TABLE OF CONTENTS

<u>Page</u>

I.    INTRODUCTION ....................................................................................................... 3

II.   LITIGATION HISTORY ............................................................................................ 3

III.  DEFINITIONS ........................................................................................................... 5

     A.    "Willis", "Defendant" and "Company" ........................................................... 5
     B.    "Class Claims" ................................................................................................... 5
     C.    "Class Complaint" ............................................................................................. 5
     D.    "Class Counsel" ................................................................................................. 5
     E.    "Class Member(s)," "Class," and/or "Plaintiff Class" .................................... 6
     F.    "Class Representatives" ..................................................................................... 6
     G.    "Court" or "District Court" ............................................................................... 6
     H.    "Final Approval" ............................................................................................... 6
     I.    "Effective Date" ................................................................................................ 6
     J.    "Gender Discrimination" or "Discriminating on the Basis of Gender" ........... 6
     K.    "Covered Period" ............................................................................................... 7
     L.    "Preliminary Approval" ..................................................................................... 7
     M.    "This Case" ........................................................................................................ 7
     N.    "Settlement Fund" ............................................................................................. 7
     O.    "Individual Claims" ........................................................................................... 7

IV.   GENERAL PROVISIONS .......................................................................................... 8

     A.    Jurisdiction ........................................................................................................ 8
     B.    Effective Date and Duration of Consent Decree ............................................... 8

          1.    Effective Upon Final Approval and Exhaustion of Appeals ..................... 8
          2.    Term of the Decree ..................................................................................... 8
          3.    Modifications to the Decree ....................................................................... 9

     C.    Scope of Consent Decree ................................................................................... 9

          1.    Class Definition – Settlement Class ........................................................... 9
          2.    No Opt-out Rights ....................................................................................... 9
          3.    Eligible Class Members .............................................................................. 9
          4.    Release of Claims ....................................................................................... 9

     D.    No Admission ................................................................................................... 11
     E.    Duty to Support and Defend the Decree .......................................................... 12
     F.    Interpretation of Decree ................................................................................... 12

          1.    Nature of Agreement ................................................................................. 12
          2.    Calculation of Time .................................................................................. 12
          3.    No Modification of Title VII or State or Local Law Requirements ......... 12
          4.    Counterparts .............................................................................................. 12
          5.    Headings .................................................................................................... 12
          6.    Entire Agreement ...................................................................................... 13

7.    No Waiver .................................................................................. 13
8.    Severability .............................................................................. 13
9.    Governing Law ........................................................................ 14
10.   Extension Of Time By Agreement Of Parties .......................... 14
11.   Binding Agreement ................................................................. 14

V.     MONETARY RELIEF .............................................................................. 14

    A.    Allocation to Class Members .......................................................... 15
    B.    Tax Treatment ................................................................................. 15
    C.    Schedule for Payment ..................................................................... 16
    D.    Other Payment Issues ..................................................................... 17
    E.    Distribution of Funds from Uncashed Checks ................................ 17
    F.    Payment of Settlement Administration Costs ................................. 18
    G.    Individual Claims of Named Plaintiff Cronas ................................ 18

VI.    INJUNCTIVE RELIEF ........................................................................... 18

    A.    Performance Evaluations ................................................................ 18
    B.    Compensation .................................................................................. 19
    C.    Promotions ...................................................................................... 22
    D.    Informing Managers of Consent Decree Requirements................... 22
    E.    Review and Comment ..................................................................... 23
    F.    Monitor ........................................................................................... 24

VII.   COVENANT TO COMPLY WITH GENDER DISCRIMINATION LAWS ................. 26

VIII.  DISPUTE RESOLUTION PROCEDURES ................................................. 26

IX.    REPORTING AND RECORDKEEPING ................................................... 27

    A.    Document Preservation ................................................................... 27
    B.    Reporting Requirements ................................................................. 27

        1.    Reporting Schedule .................................................................. 27
        2.    Information to Be Reported ...................................................... 27

X.     ATTORNEYS' FEES, COSTS AND EXPENSES FOR CLASS REPRESENTATION 28

XI.    NOTICE, FAIRNESS HEARING, FINAL APPROVAL ............................... 28

    A.    Notice .............................................................................................. 28
    B.    Comments and Objections .............................................................. 29
    C.    Dismissal With Prejudice at Expiration of Decree ......................... 30

## I.      INTRODUCTION

This case is a putative class action brought by plaintiffs Adrianne Cronas and Linda Pasichnyk (hereinafter collectively referred to as the "Class Representatives") against Willis Group Holdings Limited, Willis North America Inc., Willis of New York, Inc., Willis of New Jersey, Inc. and Willis of Massachusetts, Inc.  The plaintiffs allege that defendant Willis (defined below) engaged in a pattern or practice of discrimination on the basis of gender with respect to compensation and promotions in violation of 42 U.S.C. § 2000e-5 *et seq.,* 42 U.S.C. § 1981a, Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991 ("Title VII"); and the New York State and City Human Rights Laws, N.Y.Exec. Law §§ 290 *et seq.*; and New York City Admin. Code §§ 8-107 *et seq*.

In the interest of resolving the dispute among the parties without the expense, delay, and inconvenience of further litigation of the issues raised in this action, and in reliance upon the representations, mutual promises, covenants, and obligations set out in this Consent Decree, and for good and valuable consideration also set out in this Decree, the parties, through their undersigned counsel of record, hereby stipulate and agree as follows:

## II.     LITIGATION HISTORY

On December 19, 2006, Adrianne Cronas, on behalf of herself and all similarly situated current and former employees of Willis (defined below), filed a complaint pursuant to the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, as amended, 42 U.S.C. §1981a, and the New York State and City Human Rights Laws, N.Y.Exec. Law §§ 290 *et seq.*; and New York City Admin. Code §§ 8-107 *et seq.*  The initial complaint filed named Adrianne Cronas as the proposed class representative and alleged a pattern or practice of discrimination on the basis of gender with respect to compensation and promotion.  It also included individual allegations on behalf of plaintiff Adrianne Cronas for discriminatory termination and retaliation.  On July 3,

3

2008, the First Amended Complaint was filed, in which Linda Pasichnyk was also named as a plaintiff.

From 2008 through 2010 the parties engaged in extensive discovery. Willis produced and plaintiffs reviewed thousands of pages of documents, electronic copies of more than a quarter million email messages and attachments, as well as workforce data in computer readable form. Plaintiffs took 13 depositions of current or former officers of Willis. Willis deposed Adrianne Cronas and Linda Pasichnyk. The parties also deposed each other's statistical experts.

The complaint alleges the existence of a nationwide class of current and former female employees who were employed by Willis in the United States in positions eligible for the award of officer titles at any time from 2002 to the time of trial for Rule 23(b)(2) certification and from 1998 to the time of trial for Rule 23(b)(3) certification. Plaintiffs sought discovery accordingly. On October 8, 2008, the Court limited plaintiffs' discovery geographically to Willis of New York, Inc.; and on August 31, 2009, the Court limited discovery to the period January 1, 2002 through December 31, 2007. Thus, defendants' production of data was limited to employees in positions eligible for the award of officer titles and employed by Willis of New York, Inc. during the period 2002-2007. There was also an extended series of discovery disputes regarding the scope of electronic discovery, which were finally resolved after extensive briefing on November 24, 2009.

Plaintiffs filed a motion for class certification on August 9, 2010, moving for certification of a class of officer-level or equivalent women employed by Willis of New York, Inc. from January 1, 2002 through December 31, 2007. The Court has not ruled on this motion.

Counsel for Willis and for the Class agree that the formal discovery conducted in this action, including the statistical and other analyses of the information produced in the course of

discovery, were sufficient to afford the parties the opportunity to asses the merits of their respective positions and to formulate a settlement on a fair and reasonable basis.

## III.    DEFINITIONS

A.    <u>"Willis", "Defendant" and "Company"</u>

For all purposes and terms of this Consent Decree, "Willis," "Defendant" and "Company" shall mean Willis North America Inc., Willis of New York, Inc. and all parents, subsidiaries and affiliates of Willis North America Inc. and Willis of New York, Inc. collectively. However, Willis will only be required to comply with terms set forth in Section VI (injunctive relief) of the Consent Decree with respect to Willis of New York, Inc.

B.    <u>"Class Claims"</u>

The class claims asserted by plaintiffs include class claims under Title VII and the New York State and City Human Rights Laws. These claims assert a pattern or practice of gender discrimination against Class Members (defined below) in compensation (including, but not limited to starting salary, base salary, bonus, incentive compensation, pension payments, commission payments, stock options or awards, benefits and prerequisites and expense reimbursements) and in promotions to and within officer titles and job titles during the Covered Period (defined below).

C.    <u>"Class Complaint"</u>

Adrianne Cronas filed a complaint of discrimination on December 19, 2006 and plaintiffs filed the first amended class complaint of discrimination on July 3, 2008 in the United States District Court for the Southern District of New York.

D.    <u>"Class Counsel"</u>

All counsel of record are signatories to this Consent Decree on behalf of the Class. They are as follows: Giskan Solotaroff Anderson & Stewart LLP, 11 Broadway, Suite 2150, New

York, NY 10004, Brill & Meisel, 845 Third Avenue, New York, NY 10022, and Cohen Milstein Sellers & Toll PLLC, 1100 New York Avenue, N.W., Suite 500, West Tower, Washington, D.C. 20005.

E.    "Class Member(s)," "Class," and/or "Plaintiff Class"

The Complaint alleged a nationwide class for the period 2002 through trial in the case on behalf of women in officer or officer-equivalent positions.  Because only data for employees of Willis of New York, Inc. were produced, and only for January 1, 2002 through December 31, 2007, the scope of the class encompassed by this settlement is limited to those women employed by Willis of New York, Inc. in officer or officer-equivalent positions during the period 2002-2007.  The specific positions eligible for the award of officer titles and thus included as "officer-equivalent" positions is set forth in the list annexed hereto as Exhibit A.

F.    "Class Representatives"

Adrianne Cronas (now known as Adrianne Vigueras) and Linda Pasichnyk.

G.    "Court" or "District Court"

The United States District Court for the Southern District of New York.

H.    "Final Approval"

The entry of the Court's Order granting approval of this Consent Decree as fair, reasonable and adequate to the class as a whole.

I.    "Effective Date"

The date, after either:  Final Approval, and any appeal has been finally resolved, or Final Approval and the time for appeal has run without any appeal.  Upon the Effective Date, Willis and each member of the class shall become bound by the terms set out in this Consent Decree.

J.    "Gender Discrimination" or "Discriminating on the Basis of Gender"

6

Discrimination on the basis of gender means unlawful discrimination against employees on the basis of their sex or gender, including but not limited to retaliation against an employee because he or she has opposed practices he or she believes in good faith to constitute unlawful sex or gender discrimination or has participated in processes designed to obtain relief for alleged unlawful sex or gender discrimination.

K.      "Covered Period"

The Covered Period is the time period between January 1, 2002 and December 31, 2007.

L.      "Preliminary Approval"

The entry of an Order granting preliminary approval of this Consent Decree, which reflects the Court's view that the terms of this Decree are fair, reasonable and adequate to the class as a whole.

M.      "This Case"

Refers to all proceedings relating to or arising from the Class Complaint.

N.      "Settlement Fund"

The amount payable by Willis in satisfaction of the claims of the Class Representatives and Class Members with respect to Class Claims, including attorneys' fees and expenses.

O.      "Individual Claims"

The claims by Cronas in the Class Complaint of discriminatory and retaliatory discharge, based on her termination on June 9, 2004.  As part of the settlement of this case, and as a condition of the settlement of this case, Cronas is executing a Settlement Agreement and General Release with respect to her Individual Claims.

Class representative Linda Pasichnyk also filed a separate lawsuit against Willis, *Pasichnyk v. Willis Group Holdings, Ltd., Willis of North America Inc., Willis Corroon Corporation of New York, Inc., and Willis Americas Administration*, Index No. 107097/2010,

7

which is now pending in Supreme Court, New York County. This lawsuit alleges constructive discharge and a hostile work environment. The settlement of the Pasichnyk lawsuit, which is being settled separately, becomes enforceable and effective only upon the Effective Date of this Decree.

Theresa Reardon, who was dismissed as a class representative and class member, initiated a claim for arbitration against Willis. The settlement of the Reardon claim, which is being settled separately, becomes enforceable and effective only upon the Effective Date of this Decree.

## IV.    GENERAL PROVISIONS

### A.    Jurisdiction

The Court has jurisdiction over the parties and the subject matter of this action. The Class Complaint asserts claims that, if proven, would authorize the Court to grant the monetary and equitable relief set forth in this Decree. Venue is proper in the Southern District of New York. This Court shall retain jurisdiction of this action during the duration of the Decree for the purpose of entering all orders, judgments and decrees which may be necessary to implement the relief provided herein. This Decree is not intended to confer jurisdiction in any court or administrative forum other than in the District Court where the Class Complaint was filed.

### B.    Effective Date and Duration of Consent Decree

#### 1.    Effective Upon Final Approval and Exhaustion of Appeals

Unless provided otherwise, the equitable provisions in this Decree are binding upon the parties upon the Effective Date.

#### 2.    Term of the Decree

The provisions of this Decree shall remain in effect for the first three salary review cycles after the Effective Date of this Consent Decree.

8

1072127.1 1

3.      <u>Modifications to the Decree</u>

The parties shall have the right to seek modification of the Decree by the Court to ensure that its purposes are fully effectuated.  The parties may jointly agree to modify the Decree with the approval of the Court.

Upon application for a modification of the Decree, the movant shall bear the burden of proving by a preponderance of the evidence that circumstances make such modification necessary.

C.      <u>Scope of Consent Decree</u>

1.      <u>Class Definition – Settlement Class</u>

The parties agree, for purposes of this Settlement Agreement only, to a Federal Rule of Civil Procedure 23(b)(2) class, defined as women who were employed by Willis of New York, Inc. in officer-level or officer-equivalent positions during the years January 1, 2002 through December 31, 2007.

2.      <u>No Opt-out Rights</u>

Upon approval of this Consent Decree by the Court, all persons within the Class shall be and are bound by its terms.

3.      <u>Eligible Class Members</u>

All persons who qualify as a member of the class are eligible to receive relief made available pursuant to this Decree, except that persons encompassed by the Class whose claims were adjudicated, settled, waived or released, and who, following such action, were not employed by Willis of New York, Inc. in a position encompassed by the Class, are ineligible to receive any monetary relief under the Decree.

4.      <u>Release of Claims</u>

a.      *General Release by Class Representatives*

9

In consideration of the promises contained in, and the benefits provided or to be provided hereunder, this Consent Decree shall resolve, extinguish, and finally and forever release and discharge Willis, its past, present and future parent entities, subsidiaries, divisions, affiliates and related entities, successors and assigns, attorneys, assets, employee benefit plans or funds, and any of its or their respective past, present and/or future directors, officers, fiduciaries, agents, trustees, administrators, shareholders, employees and assigns, whether acting on behalf of Willis or in their individual capacities ("Company Entities"), and bar any and all claims, demands, causes of action, fees and liabilities of any kind whatsoever, whether known or unknown, which the Class Representatives ever had, now have, or may have, or in the future may have, from the beginning of the world to the date of Final Approval of the Decree, against any of the Company Entities, including but not limited to Cronas's Individual Claims and any other claims arising from or related to events that occurred during the Covered Period.  A separate general release will be signed by each Class Representative in the form already agreed to by the parties.

b.   *Release by Class Members*

In consideration of the promises contained in, and the benefits provided or to be provided hereunder, this Consent Decree shall resolve, extinguish, and finally and forever release and discharge Willis, its past, present and future parent entities, subsidiaries, divisions, affiliates and related entities, successors and assigns, attorneys, assets, employee benefit plans or funds, and any of its or their respective past, present and/or future directors, officers, fiduciaries, agents, trustees, administrators, shareholders, employees and assigns, whether acting on behalf of Willis or in their individual capacities ("Company Entities") from or related to the Class Claims (as defined in Section III(B), (E) and (K), Definitions, above), and from any other claims challenging the same practices as the Class Claims, whether known or unknown, howsoever they may be denominated, arising during the Covered Period; and further this Consent Decree shall

10

bar any and all claims, demands, causes of action, fees and liabilities arising from or related to the Class Claims (as defined in Section III, Definitions), and any other claims challenging the same practices as the Class Claims, howsoever they may be denominated, arising during the Covered Period, whether in law or in equity, whether known or unknown, which any of the Class Members, their representatives, agents, heirs, executors, administrators, successors, or assigns, ever had, now have, or may have, against any of the Company Entities.

c.    *Class Representatives and Class Members*

Upon the Effective Date, the doctrines of *res judicata* and collateral estoppel shall bind all Class Members with respect to all Class Claims and shall bind Cronas with respect to both the Class Claims and the Individual Claims.  This Consent Decree may be pled as a full and complete defense to any subsequent action or other proceeding involving any person or party which arises out of the claims released and discharged by this Decree.

Nothing in the Decree shall be construed to bar any claims of Class Members based on events that occur after the Covered Period or to bar any claims of the Class Representatives based on events that occur after the Final Approval of the Decree.

D.    No Admission

Willis expressly denies any wrongdoing or liability.  This Consent Decree represents the compromise of disputed claims.  It reflects the parties' recognition that litigation of these claims would severely burden all concerned and would require a further commitment of time, resources and money.  The Consent Decree does not constitute, is not intended to constitute, and shall not under any circumstances be deemed to constitute, an admission by any party as to the merits, validity, or accuracy, or lack thereof, of any of the allegations, claims, or defenses alleged in this Case.

11

E.    Duty to Support and Defend the Decree

The Class Representatives, Class Counsel and Willis each agree to use their and its best efforts to defend the Decree from any legal challenge, whether by appeal or collateral attack.

F.    Interpretation of Decree

1.    Nature of Agreement

This Consent Decree is a contract and shall, upon approval by the Court, also constitute an order of the Court, and all of its provisions shall be enforceable by the parties and as an order of the Court.

2.    Calculation of Time

In computing any period of time prescribed or allowed by this Decree, unless otherwise stated, such computation or calculation shall be made consistent with Federal Rules of Civil Procedure 6(a) and 6(e).

3.    No Modification of Title VII or State or Local Law Requirements

Nothing in this Decree may be taken as modifying the statutory or regulatory obligations for initiating and maintaining administrative and judicial proceedings under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§2000e-16 *et seq.*; New York State and City Human Rights Laws, N.Y.Exec. Law §§ 290 *et seq.* and New York City Admin. Code §§ 8-107 et seq.

4.    Counterparts

This Consent Decree may be executed in one or more counterparts, and each executed copy shall be deemed an original, which shall be binding upon all parties to this Decree.

5.    Headings

The headings in this Consent Decree are for the convenience of the parties only, and shall not limit, expand, modify, amplify, or aid in the interpretation or construction of this Consent Decree.

6.      <u>Entire Agreement</u>

This Consent Decree, including Exhibit A, together with the Settlement Agreement and General Release for Cronas, comprise the full and exclusive agreement and understanding of the parties with respect to this settlement, and supersede all prior written or oral agreements (including, without limitation, any and all term sheets previously agreed to by the parties).  No representations or inducements to compromise this action have been made, other than those recited in this Decree.  This Decree does not impose any obligations on the parties beyond the terms and conditions stated herein.  Accordingly, this Decree shall not prevent or preclude Willis from revising its employment practices and policies or taking other personnel actions during the term of the Decree that do not violate the requirements of the Decree.

7.      <u>No Waiver</u>

The waiver by any party of any term, condition, covenant, or representation of this Consent Decree or the breach of any term, condition, covenant, or representation herein, in any one instance, shall not operate as, or be deemed to be a waiver of, the right to enforce any other term, condition, covenant, or representation.  The failure by any party at any time to enforce, or require performance of, any provision of this Decree shall not operate as a waiver of, or limit such party's right at a later time to enforce or require performance of such provisions or of any other provisions of this Decree.

8.      <u>Severability</u>

Except as set forth below, if after Final Approval any term or provision of this Decree, or the application thereof to any person or circumstances, is held to any extent to be invalid or unenforceable, the remainder of this Decree, or the application of such term or provision to persons or circumstances other than those as to which it is held to be invalid or unenforceable, shall not be affected thereby, and each term and provision of this Decree shall be valid and

13

enforceable to the fullest extent permitted by law.  Notwithstanding the above, if (1) the total monetary relief amount is not paid by defendant; or (2) all of the equitable relief provisions in Section VI of this Decree are held to be invalid or unenforceable, the entire Decree shall be null and void.

        9.    <u>Governing Law</u>

The parties agree that the validity, construction, and enforcement of this Decree shall be governed by federal law.

        10.    <u>Extension Of Time By Agreement Of Parties</u>

All time deadlines established in this Decree may be extended by agreement of the parties.

        11.    <u>Binding Agreement</u>

This Consent Decree is binding on all parties and their successors, assigns, representatives, and trustees.

## V.    MONETARY RELIEF

In satisfaction of the claims of the Class Members with respect to Class Claims and the claims of Class Representative Cronas with respect to both her Class Claims and her Individual Claims, including attorneys' fees and expenses, Willis will pay a total of **$11,595,030.85**.  This money is allocated in three portions.

(1)    A total of $8,068,362.88 is allocated to compensate the class claims of all eligible class members, including the Class Representatives.  This amount is hereinafter referred to as the "Class Settlement Fund" and is addressed in Section A.

(2)    A total of $325,771.06 is allocated to compensate Class Representative Cronas for her Individual Claims, addressed in Section G, below.

14

(3)      A total of $3,200,896.91 is allocated to compensate class counsel for attorneys' fees and costs, as addressed in detail in Section X.

A.      <u>Allocation to Class Members</u>

The Class Settlement Fund will be allocated among all eligible Class Members, including the two Class Representatives.  The allocation will be done by formula, consistent with Model 3 of Dr. Mark Killingsworth's Expert Report as revised May 11, 2010.  Using the percentage difference in compensation identified in Model 3, Dr. Killingsworth will calculate for each Class Member the additional compensation she should have earned according to Model 3, for the weeks during the Covered Period in which she was employed by Willis of New York, Inc.  For any eligible Class Member who worked for Willis of New York, Inc. after the time frame covered by a release or offer of judgment, only weeks worked within the Covered Period that post-date that release or judgment will be counted.  The amount calculated for each eligible Class Member will be added together to calculate the total lost wages (exclusive of interest).  Each class member's proportionate share of the total lost wages will be calculated, and each eligible class member will be allocated that percentage of the Settlement Fund ($8,068,362.88).  For example, if a class member's proportionate share of the total lost wages is ½ %, then she would be awarded ½ % of $8,068,362.88, or $40,341.81.  Dr. Killingsworth's calculation will be final. For the limited purposes of the Consent Decree only, Willis does not object to the methodology for allocation of the Class Settlement Fund as described above.

B.      <u>Tax Treatment</u>

Amounts paid to Class Members on their Class Claims pursuant to this settlement will be treated as lost wages, subject to withholding of taxes required by law and reporting on IRS form W-2.

Amounts paid to Class Representative Cronas in settlement of her individual claims will be treated as follows:  half of the payment will be treated as lost wages, subject to withholding of taxes required by law and reporting on IRS form W-2 and the other half of the payment will be treated as payments for emotional distress and other non-wage compensatory damages, and will be reported on IRS form 1099 and not subject to withholding.

C.      Schedule for Payment

The parties will provide an agreed list of Eligible Class Members to Dr. Killingsworth no later than five business days after Final Approval of the Consent Decree.  Within five business days following the Effective Date, Dr. Mark Killingsworth will prepare and furnish to Willis a list of the amounts payable to each Eligible Class Member (the "Schedule").

Within twenty business days of the Effective Date, Willis will issue a check to each Eligible Class Member in the amount calculated by Dr. Killingsworth, and will make appropriate withholdings consistent with sub-paragraph B, above.  Those checks, including a statement of any withholdings, will be delivered to the Settlement Administrator, who will transmit them to class members by certified, first-class mail as soon as practicable after receipt of the checks from Willis.  Each check will be clearly marked that it must be cashed within 120 days of the date on the check.  Willis will issue forms W-2 as required, directly to class members.  At the same time, Willis will issue checks to Cronas for her individual claims and to lead counsel, Giskan Solataroff for fees and costs incurred by all counsel in connection with these claims.

In the event a check is returned to the Settlement Administrator as "undeliverable," the Settlement Administrator shall, not later than seven (7) days after receipt of the returned check, attempt to locate the class member by using its best efforts and conducting an electronic search. If the Settlement Administrator is able to locate the class member through the search, it shall promptly re-send the check to the class member at the new address.  All checks returned from

16

class members for whom the Settlement Administrator is unable to find a new address or that are returned again after mailing to a second address, shall be held by the Settlement Administrator for not more than 120 days.  The Settlement Administrator will provide notice to counsel for both parties of such returned checks, and provide each party the opportunity to provide additional contact information.  If the class members whose checks are being held by the Settlement Administrator do not claim the checks within that time period, the funds shall be distributed as described in Section E.

     D.    <u>Other Payment Issues</u>

If a Class Member who is eligible to receive monetary relief under this Consent Decree is deceased at the time of such distribution hereunder, the Settlement Administrator shall direct that the amount payable to such deceased Class Member be paid to the appropriate representative of her estate, if one is found.  If the Settlement Administrator determines that there is insufficient information or proof regarding the deceased person's estate to permit such payment, the deceased person's share shall be distributed as described in Section E.

Similarly, if a Class Member fails to cash an award check within one hundred twenty (120) days following the date of the check, then the amount of the check shall be distributed as described in Section E. Within 180 days following the delivery of each set of checks to the Settlement Administrator, Willis will notify the Settlement Administrator of any checks not cashed within the aforementioned 120-day period.

     E.    <u>Distribution of Funds from Uncashed Checks</u>

Once all disbursements called for under this Decree have been made, and the Settlement Administrator has received the report of uncashed checks, if the remaining balance totals less than $100,000, the parties will jointly request that these remaining funds be distributed *cy pres* to the Financial Women's Association of New York, a charity organized under § 501(c)(3), Internal

Revenue Code.  If the balance of uncashed funds remaining after payment of the Administrative

Fees totals $100,000 or more, then the Settlement Administrator will calculate from the uncashed

funds, the *pro rata* share of each Class Member who received and cashed a check.  The uncashed

checks will be voided, and new checks issued by Willis in accordance with the calculations of

the Settlement Administrator.  The Settlement Administrator will then distribute those checks in

the same manner as described above in sections C and D.

      F.    <u>Payment of Settlement Administration Costs</u>

The fees and expenses of Dr. Mark Killingsworth shall be paid by Plaintiff Class.  The

fees and expenses of the Settlement Administrator for performing the tasks outlined in this

Decree shall be paid by defendant.

      G.    <u>Individual Claims of Named Plaintiff Cronas</u>

The amount allocated for the Individual Claim of Class Representative Cronas is

$325,771.06.

## VI.    INJUNCTIVE RELIEF

      A.    <u>Performance Evaluations</u>

Any performance appraisal system utilized by Willis of New York, Inc. during the term

of the Consent Decree must include, at a minimum, the following features:

    1.    The system will use factors for evaluating employee performance that are anchored in observable behaviors.  The appraisal factors will be based upon areas of performance that are necessary to achieving success in the job(s) to which the evaluations apply.

    2.    A numerical rating will be assigned to each employee based on the appraisal factors.

    3.    Continue their policy that appraisals be conducted at least annually.

4.   All managers who conduct performance appraisals will be trained on how to administer the process properly.

5.   The appraisal(s) used for employees who have supervisory responsibilities will include one or more factors which assess their efforts and the extent of their success in cultivating and managing a diverse workforce.

6.   The results of performance appraisals will be used in making decisions setting and adjusting compensation for all employees of Willis of New York, Inc.

7.   Any substantive changes to Willis' performance appraisal system will be submitted to the Monitor for review consistent with section E, below.

B.   Compensation

Willis of New York, Inc.'s compensation policies and practices will be submitted to the Monitor to review in accordance with the procedures set forth in section E, below.  Any policy adopted by Willis of New York, Inc. must include, at a minimum, the following features:

1.   Continue to set forth in writing, factors used in formulating base compensation and incentive awards.

2.   Take steps to ensure that the factors are defined in sufficient detail to guide the managers making compensation decisions.

3.   Criteria for setting or modifying base compensation for employees, other than pure producers with contracts pre-dating this Decree, will be based on their performance.

4.   The goal of the review process is to identify and eliminate any significant (i.e., material) disparities in annual base salary or bonus that are based on gender, between similarly situated male and female employees.

19

5.      For employees within Willis of New York, Inc. (See Exhibit A):  Human Resources will annually review for each business unit (a) base compensation, i.e., annual base salary after proposed compensation increase, (b) base compensation increases and (c) incentive compensation decisions, prior to their implementation, and evaluate whether adjustments should be made and make recommendations on adjustments.  Human Resources' recommendations will be based on a comparison of similarly situated male and female employees.  In identifying who is similarly situated Human Resources may consider business unit, among other factors.  In addition, Human Resources will consider not only whether there is a disparity between two similarly situated employees of different gender, but also whether there is a pattern of disparities in compensation between similarly situated male and female employees.

6.      Should Human Resources find a significant (i.e., material) disparity in compensation (including annual base salary after increase, if any, or bonus or other incentive compensation) between similarly situated male and female employees, or a pattern of disparities in compensation between similarly situated male and female employees, Human Resources will eliminate the disparities unless their review shows compensation decisions have been made in a non-discriminatory manner and not based on gender. Human Resources will document the reasons that an adjustment is made or not.

7.     Willis of New York, Inc. will provide the Monitor with the same compensation spreadsheets reviewed by Human Resources in its annual compensation review as described in paragraphs 5 and 6, above, and any other documentation relied upon by Human Resources during that review, and provide the Monitor with its documented reasons for any adjustments made or not made, or other action taken.  The Monitor's duty shall be to make his or her own determination whether there are significant (i.e., material) disparities or patterns of disparities in (a) annual base salary after increase, if any to be paid to similarly situated male and female employees, (b) bonus or other incentive compensation to be paid to similarly situated male and female employees, and (c) salary increases between similarly situated male and female employees.  If the Monitor determines that there are significant (i.e., material) disparities or patters of disparities in compensation (as described in (a)-(c) above), then the Monitor shall recommend to Human Resources that adjustments in compensation be made in order to eliminate such disparities, unless the Monitor's review shows that the final salary or incentive compensation is not based on gender.  Human Resources will inform the Monitor as to whether any further adjustments were made by Willis of New York, Inc. within forty-five (45) days of receiving the Monitor's recommendation.  If the Monitor disagrees with Willis of New York, Inc.'s final compensation decisions he or she will report that opinion to counsel for Willis of New

21

York, Inc. and to Class Counsel within forty-five (45) days after receiving

Willis of New York, Inc.'s final decisions and/or adjustments.

8.    If Willis of New York, Inc. becomes aware of a formal or informal

complaint of discriminatory compensation practice(s) based on gender

within Willis of New York, Inc. – whether raised by employees,

managers, human resources or Class Counsel, and whether submitted to

any manager or to any human resources representative – Willis of New

York, Inc. will investigate within one hundred eighty (180) days and make

any necessary adjustment.  Willis of New York, Inc. agrees to report its

findings to the complainant within one hundred eighty (180) days of the

complaint.

C.    <u>Promotions</u>

1.    All vacancies will be posted so that current employees have the

opportunity to apply for other positions within Willis of New York.

2.    If Willis becomes aware of a formal or informal complaint of

discriminatory promotion practice(s) based on gender within Willis of

New York – whether raised by employees, managers, human resources or

Class Counsel, and whether raised to managers or to human resources and

whether raised locally or to a Willis employee situated elsewhere – Willis

will investigate and make any necessary adjustment within one hundred

eighty (180) days.  Willis agrees to report its findings to the complainant

within one hundred eighty (180) days of the complaint.

D.    <u>Informing Managers of Consent Decree Requirements</u>

22

No later than ten days after the Effective Date of the Decree, Willis of New York, Inc. shall provide to the CEO and head Human Resources manager of Willis of New York, Inc. a copy of the Consent Decree provisions relating to injunctive relief.

      E.     <u>Review and Comment</u>

With respect to those portions of the Injunctive Relief provisions of this Decree, Sections VI(A)(7) and (B), which require Willis of New York, Inc. to submit policies for review to the Monitor before Willis of New York, Inc. implements such policy, the following provisions will apply:

1. Willis of New York, Inc. shall produce a copy of the policy to the Monitor before Willis of New York, Inc. implements the policy.

2. The Monitor shall have the right to review and provide comments to Willis of New York, Inc. on the policy. The Monitor shall provide his or her comments to Willis of New York, Inc. within 60 days of receipt of the policy.

3. To the extent Willis of New York, Inc. disagrees with any comments recommended by the Monitor, Willis of New York, Inc. will so advise the Monitor within 60 days.

4. If the Monitor believes that the final policy adopted by Willis of New York, Inc. is inconsistent with the requirements of the Consent Decree, he or she will report that opinion to counsel for Willis and to Class Counsel.

With respect to those portions of the Injunctive Relief provisions of this Decree, Sections VI(B)(6), which require Willis of New York, Inc. to submit compensation decisions for review to the Monitor before Willis of New York, Inc. implements such compensation decisions, the following provisions will apply:

23

5.      Willis of New York, Inc. shall produce a copy of the planned
compensation decisions to the Monitor no more than 45 days after Willis
of New York, Inc. implements the decisions.

6.      The Monitor shall have the right to review and provide comments to
Willis of New York, Inc. on the compensation decisions.  The Monitor
shall provide his or her comments to Willis of New York, Inc. within
60 days of receipt of the information concerning planned compensation
decisions.

7.      To the extent Willis of New York, Inc. implements any changes to its
compensation decisions consistent with the comments of the Monitor,
Willis of New York, Inc. commits to making such changes retroactive to
the date of the original decision.  Willis will not decline to make a change
proposed by the Monitor on the grounds that increasing a woman's
compensation would make the total of all compensation adjustments
exceed the original allocated amount.

8.      To the extent Willis of New York, Inc. disagrees with any
recommendations by the Monitor, Willis of New York, Inc. will so advise
the Monitor within 60 days.

9.      If the Monitor believes that the final compensation decisions adopted by
Willis of New York, Inc. are inconsistent with the requirements of the
Consent Decree, he or she will report that opinion to counsel for Willis
and to Class Counsel.

F.      Monitor

1.      The parties agree jointly to Kathleen Lundquist as the Monitor.

2.      During each year in which the Decree is in effect and the Monitor is responsible for monitoring and enforcement of the Decree, the Monitor will be compensated for fees and expenses in an amount not to exceed $25,000.  The Monitor's fees and expenses will be paid by Defendant. A summary of hours expended and expenses incurred will be presented to Willis annually.  If there is any dispute about the amount of fees and expenses payable to the Monitor, a fee petition will be presented to the Court

3.      Upon selection or appointment, counsel for both parties will have the opportunity to meet jointly with the Monitor to provide relevant background information and discuss the Monitor's responsibilities under this Decree.  Following each compensation review, after the time has passed for Willis to inform the Monitor if it is rejecting any of his or her recommendations, and the time has passed for the Monitor to report any disagreement to Class Counsel, counsel for both parties will meet jointly with the Monitor, and the monitor will report on his or her activities for the past year, and the parties will discuss any issues that have arisen regarding implementation of the decree.

4.      If counsel for either party has reason to believe that the Monitor is not fulfilling her responsibilities under the terms of the Consent Decree, counsel may move the Court to remove the Monitor and select a new monitor pursuant to Section VI (F), paragraph 4, below.  In order to prevail on such a motion, the moving party must establish by a

preponderance of evidence that the Monitor has not fulfilled her

responsibilities and cannot cure any alleged deficiencies in her

performance.  Prior to making any motion, counsel for the moving party

must follow the dispute resolution processes set forth in Section VIII of

the Consent Decree.  A moving party whose motion is denied will not be

awarded attorneys' fees.  The Court may award attorneys' fees to the non-

moving party in the Court's discretion.

5.      In the event that the Monitor needs to be replaced pursuant to paragraph 3,

the parties will submit a list of four proposed Monitors (two names from

each party) to the Court from which the Court will select the Monitor.

## VII.    COVENANT TO COMPLY WITH GENDER DISCRIMINATION LAWS

Willis of New York, Inc. has had and continues to have written policies against

discrimination based on gender.  In accordance with those policies, the Willis of New York, Inc.

will not discriminate on the basis of gender against any female officers or equivalents.

## VIII.   DISPUTE RESOLUTION PROCEDURES

In the event any dispute arises concerning implementation of the Consent Decree, Class

Counsel and Willis will confer and use their reasonable efforts to resolve any disputes regarding

the interpretation or implementation of the Decree.

The party wishing to raise the dispute shall give written notice, via overnight mail, to

Class Counsel (Giskan Solotaroff Anderson & Stewart LLP, 11 Broadway, Suite 2150, New

York, New York 10004, Attention:  Robert L. Herbst, Esq.) or counsel for Willis (Proskauer

Rose LLP, Eleven Times Square, New York, New York, 10036, Attention:  Bettina B. Plevan,

Esq.; Willis North America Inc., 26 Century Blvd., Nashville, TN 37214, Attention:  Rob

Lapinsky) of the specific issue in dispute and desired resolution sought.  Within fourteen days

after receiving such notice, the other party shall respond in writing and provide its written position.  The parties shall thereafter undertake good faith negotiations, including a meeting by telephone or in person, and exchange of relevant documents or other information necessary to resolve the issues in dispute.

If such efforts fail to resolve a dispute regarding the interpretation or implementation of the Decree, then Class Counsel or Willis's counsel may file a motion with the Court requesting resolution of the dispute.  The Court may award attorneys' fees to either party in accordance with applicable law.

## IX.   REPORTING AND RECORDKEEPING

### A.   Document Preservation

Willis shall retain final records required to be created or maintained by this Decree for the term of the Decree or as required by state or federal law, whichever is longer.  Class Counsel shall be entitled to review, upon reasonable request, all final records required to be created or maintained by Willis pursuant to this Decree.

### B.   Reporting Requirements

#### 1.   Reporting Schedule

Willis shall report annually during the term of the Decree to the Monitor on its implementation of the policies and procedures set forth in Section VI of the Decree.

#### 2.   Information to Be Reported

The information Willis will report will include:

> a.   The extent to which Performance Evaluation forms are completed for the relevant group of employees prior to completion of the salary review process each year.

> b.   Compliance with Section VI(B) of this Decree.

27

## X.      ATTORNEYS' FEES, COSTS AND EXPENSES

Willis agrees to pay Class Counsel $3,200,896.91, as reflected in Section V(3), as attorneys' fees and expenses and Willis will not oppose a petition seeking such an award of fees and costs.  Plaintiffs represent that this amount reflects the actual expenses and reasonable lodestar class counsel have incurred to date in prosecuting the claims settled by this Decree, without a multiplier.  This is the sole compensation which Class Counsel will receive for all work done in prosecuting these  claims, past or future, except under the provisions of Section VIII (i.e. in the event of a breach, the Court may award fees for enforcing the decree).  Future work required will include presenting the Consent Decree for approval, answering questions from class members, responding to any objections and obtaining final approval, and monitoring the decree thereafter.  Pursuant to Federal Rule of Civil Procedure 23(h), Class Counsel will submit a fee petition to the Court, consistent with the terms of this Agreement.

## XI.     NOTICE, FAIRNESS HEARING, FINAL APPROVAL

Subject to approval by the Court, the parties hereby agree to the following procedures and schedule for notice and submission of this Consent Decree to the Court for approval pursuant to Federal Rule of Civil Procedure 23(e).

### A.      Notice

The parties agree to submit this Consent Decree and attachments to the Court for approval preliminarily, and in doing so, agree to recommend that the terms of the Decree are fair, reasonable, and adequate to the Class as a whole, as Federal Rule of Civil Procedure 23(e) requires.  Attached to this Consent Decree as Exhibit B is a Notice of the Class Action and Proposed Settlement ("Notice").  The Notice contains a brief description of the claims advanced by the plaintiff class and Willis' denial of liability for such claims, a summary of the terms of the proposed settlement, and a notice of a fairness hearing to be held pursuant to Federal Rule of

Civil Procedure 23(e).  Should the Court give preliminary approval to the Consent Decree, the parties will issue the Notice to members of the class by the best means practicable.

No later than the date on which the motion for preliminary approval and this Decree are submitted to the Court, Willis shall prepare and deliver to the Settlement Administrator a computer disk (or other electronic format) containing information needed to distribute Notice and monetary relief to Class Members.  Such information shall include, for each class member: name; social security number; and last-known address.  The Settlement Administrator shall treat this information as confidential and update the information provided by Willis with any new addresses for such Class members as it may obtain from the National Change of Address System to create a "Class Notice List."  Within four days after Preliminary Approval of this Consent Decree, the Settlement Administrator shall send by certified mail, postage prepaid, to each person on the Class Notice List, a copy of the Notice.

If a notice is returned as "undeliverable," the Settlement Administrator shall use its best efforts and make an electronic search for such class member within seven (7) days of receipt of the returned notice, and the Settlement Administrator shall re-mail the notice to any additional address obtained.

The parties agree to request that the Court schedule a hearing to determine whether this Consent Decree is fair, reasonable, and adequate to the Class as a whole on August 8, 2011.

B.      Comments and Objections

Class members who wish to present objections to the proposed settlement must do so in writing.  Written objections shall state with specificity the provision(s) of the Decree to which the Class member objects.  Written objections shall be mailed to the Settlement Administrator at Willis Claims Administrator, c/o Rust Consulting, Inc., P.O. Box 920, Minneapolis, MN 55440-0920, and must be received by the Settlement Administrator on or before August __,

29

2011.  Written objections should also state whether the Class member wishes to be heard at the Final Fairness Hearing.  Any Class Member who timely files objections with the Settlement Administrator may, but is not required to, speak at the Fairness Hearing.  Such class member may obtain her own attorney to speak on her behalf, but the objecting class member must bear the expense of any such attorney.  Objections raised at the Fairness hearing shall be limited to those matters raised in timely written objections.

The Settlement Administrator shall:  (i) date stamp the original of any objections it receives, (ii) serve copies on Class Counsel and Willis' counsel no later than two (2) business days after the Settlement Administrator receives the objections, and (iii) file the date-stamped originals with the Clerk of the Court no later than August __, 2011.  The Settlement Administrator shall retain copies of all written objections until the Settlement Administrator is relieved of its duties and responsibilities under the Decree.

C.    Dismissal With Prejudice at Expiration of Decree

The Class Complaint filed in this action against Willis shall be dismissed in its entirety, with prejudice, at the end of the term of this Decree, pursuant to a Joint Stipulation of Dismissal.

**AGREED**

Dated:  August  25, 2011

30

Respectfully submitted,

GISKAN SOLOTAROFF ANDERSON &
STEWART LLP

BRILL & MEISEL

By: /s/ Robert Herbst
    Robert L. Herbst (RLH 8851)
    11 Broadway, Suite 2150
    New York, New York 10004

By: _____
    Rosalind S. Fink (RF 2492)
    845 Third Avenue
    New York, NY 10022

COHEN MILSTEIN SELLERS & TOLL PLLC

By: _____
    Christine E. Webber (CW-0339)
    1100 New York Avenue, N.W.
    Suite 500, West Tower
    Washington, DC 20005
    (202) 408-4600

    Attorneys for Plaintiffs

PROSKAUER ROSE LLP

By: _____
Bettina B. Plevan, Esq.
Jeremy Brown, Esq.
Proskauer Rose LLP
Eleven Times Square
New York, New York 10036-8299

Attorneys for Defendants

**SO ORDERED**

Dated: _____

_____
Richard M. Berman
United States District Judge

31

1072127.1 1

# EXHIBIT A

| Jc | job_title |
|---|---|
| AZ100 | Chief Financial Officer |
| AZ150 | Regional Finance Officer |
| AZ300 | Controller |
| AZ315 | Insurance Controller |
| AZ400 | Accounting Manager |
| AZ401 | Insurance Accounting Manager |
| AZ445 | Strategic/Fin Projects Mgr |
| AZ450 | Senior Financial Analyst |
| AZ475 | Financial Analyst |
| AZ600 | Business Analyst |
| CA300 | IMS Manager |
| CA310 | Loss Control / Risk Manager |
| CA320 | Senior Loss Control Risk Mgr |
| CA400 | Senior Loss Control Consultant |
| CA410 | Loss Control Consultant |
| CA420 | Safety & Loss Control Engineer |
| CA430 | SR Safety Loss Control Engr |
| CA500 | Claims Manager |
| CA510 | Claims Supervisor |
| CA520 | Senior Claims Specialist |
| CA530 | Claims Specialist |
| CA538 | Senior Claims Adjuster |
| CA650 | Claims Consultant |
| EA260 | Regional Admin Officer |
| EA290 | EVP - Special Projects |
| EA295 | EVP - Operations |
| EA300 | Chairman |
| EA310 | Chief Executive Officer |
| EA315 | President |
| EA320 | Chief Operating Officer |
| EA330 | Managing Director |
| EA345 | Production Manager - WNA |
| EA350 | Region Manager |
| EA355 | Unit Manager - WNA |
| EA385 | Regional Partner |
| EA390 | National Partner |
| GZ100 | Chief Administrative Officer |
| GZ300 | Office Manager |
| GZ310 | Assistant Office Manager |
| GZ315 | Analyst |
| GZ317 | Communications Specialist |
| GZ318 | Communications Manager |
| GZ320 | Administration Manager |

33

| | |
|---|---|
| GZ420 | Bus. Development Administrator |
| GZ504 | Facilities Manager |
| HZ310 | Regional HR Manager |
| IT043 | Technical Specialist |
| IZ380 | Bus Systems Coordinator IV |
| IZ430 | Senior Programmer / Analyst |
| IZ471 | Business Systems Manager |
| MA300 | Marketing Director |
| MA310 | Marketing Manager |
| MA325 | Regional Marketing Officer |
| MA330 | Senior Marketing Manager |
| MA400 | Senior Broker - WNA |
| MA405 | Broker - WNA |
| MA500 | Senior Marketing Specialist |
| MA505 | Market Strategy Specialist |
| MA510 | Marketing Specialist |
| MA515 | Marketing Analyst |
| MA600 | Resource Manager |
| MA620 | Senior Resource Specialist |
| MA720 | Bus. Development Administrator |
| NA001 | Temporary--Consulting |
| NO100 | Practice Leader |
| NO200 | Senior Resource Consultant |
| NO250 | Managing Director |
| NO490 | Managing Consultant |
| NO500 | Senior Consultant |
| NO505 | Consultant |
| NW100 | Wrap Trac Center Manager |
| PA310 | Unit Manager / Team Leader |
| PA320 | Asst Unit Mgr / Team Leader |
| PA500 | Producer |
| PA525 | Associate Producer |
| PA550 | Investment Hire Producer |
| PA600 | Producer / Account Executive |
| PA603 | Senior Broker |
| PA605 | Broker |
| RA001 | Temporary--Producer/Servicer |
| RA340 | Account Executive |
| RA342 | Associate Client Advocate |
| RA345 | Client Advocate |
| RA347 | Senior Client Advocate |
| RA350 | Senior Account Executive |
| RA550 | Investment Hire Producer |
| RA600 | Producer / Account Executive |
| SA001 | Temporary--Client Services |

34

| SA200 | Senior Client Manager |
|-------|----------------------|
| SA210 | Client Manager |
| SA220 | Regional Service Officer |
| SA300 | Client Services Manager |
| SA315 | Senior Technical Broker |
| SA317 | Technical Broker |
| SA320 | Account Executive |
| SA330 | Associate Account Executive |
| SA340 | Client Services Supervisor |
| SA342 | Associate Client Advocate |
| SA345 | Client Advocate |
| SA347 | Senior Client Advocate |
| SA350 | Client Service Director, NA |
| SA355 | Casualty Svc Unit Manager |
| SA358 | Service Leader |
| SA400 | Senior Account Manager |
| SA410 | Account Manager |
| SA420 | Assistant Account Mgr/CSR III |
| SA445 | Associate Broker |
| SA500 | Technical Assistant |
| SA800 | Special Services Manager |
| TA200 | Regional Executive Officer |
| TA300 | Production Manager |
| TA305 | Team Leader - WNA |
| TA310 | Chief Executive Officer |
| TA320 | Asst Unit Mgr/Team Leader |
| TA330 | Managing Director |
| TA350 | Region Manager |
| UO200 | Underwriting Manager |

35

# EXHIBIT B

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------- X
ADRIANNE CRONAS and, LINDA   :
PASICHNYK individually and on behalf of all  :
similarly situated persons,   :
  :
  :
  Plaintiffs,       :    06 CV 15295 (RMB)(DCF)
  :    ECF Case
  :
  -against-      :    **NOTICE OF SETTLEMENT OF**
  :    **CLASS ACTION LAWSUIT**
  :
WILLIS GROUP HOLDINGS, LTD., WILLIS  :
OF NORTH AMERICA INC., WILLIS OF   :
NEW YORK, WILLIS OF NEW JERSEY,   :
WILLIS OF MASSACHUSETTS,     :
  :
  Defendants.     :
  :
  :
---------------------------------------- X

**TO:  WOMEN EMPLOYED BY WILLIS OF NEW YORK, INC. ("Defendant" or "Willis") AT ANY TIME FROM JANUARY 1, 2002 THROUGH DECEMBER 31, 2007 AND HELD A POSITION ELIGIBLE FOR THE AWARD OF AN OFFICER TITLE (SUCH AS ASSISTANT VICE PRESIDENT, VICE PRESIDENT, SENIOR VICE PRESIDENT AND EXECUTIVE VICE PRESIDENT).  THE LIST OF ELIGIBLE POSITIONS IS ATTACHED AS EXHIBIT A AT THE END OF THIS NOTICE.**

- **PLEASE READ THIS NOTICE CAREFULLY.**

- **IF YOU WISH TO COMMENT IN FAVOR OF THE SETTLEMENT OR OBJECT TO THE SETTLEMENT, YOU MUST FOLLOW THE DIRECTIONS IN THIS NOTICE.**

- **YOU MAY BE ELIGIBLE TO RECEIVE MONEY FROM THE SETTLEMENT OF THIS CASE.**

- **YOUR LEGAL RIGHTS MAY BE AFFECTED BY THIS LAWSUIT.**

- **IF YOU RECEIVED THIS NOTICE ON BEHALF OF A CLASS MEMBER WHO IS DECEASED, YOU SHOULD PROVIDE THE NOTICE TO THE AUTHORIZED LEGAL REPRESENTATIVE OF THAT CLASS MEMBER.**

YOU ARE HEREBY NOTIFIED AS FOLLOWS:

A proposed settlement (the "Settlement") has been reached between the parties in this class action pending in the United States District Court for the Southern District of New York brought on behalf of all individuals described above (the "Class"). The Court has preliminarily approved the Settlement, whose terms are set forth in a proposed Consent Decree, which is available at www.gslawny.com, and has conditionally certified the Class for purposes of Settlement only. You have received this notice because the parties' records indicate that you are a member of the Class. This notice is designed to inform you of how you can comment in favor of the Settlement or object to the Settlement. If the Settlement is finally approved by the Court, the Settlement will be binding upon you, even if you object to the Settlement. There will be a hearing on the settlement ("Fairness Hearing") at 11:30 a.m. on August 8, 2011 in Courtroom 21B of the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, New York.

## I.    BACKGROUND OF THE CASE

On December 19, 2006, Adrianne Cronas filed this suit, *Cronas, et al v. Willis Group Holdings Ltd., et al*, No. 06 CV 15295, as a putative class action, asserting sex discrimination claims under 42 U.S.C. § 2000e-5 *et seq.*, 42 U.S.C. § 1981a, Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991 ("Title VII"); and the New York State and City Human Rights Laws, N.Y.Exec. Law §§ 290 *et seq.*; and New York City Admin. Code §§ 8-107, *et seq.* The complaint also included an individual claim by Cronas of discriminatory demotion and discriminatory and retaliatory discharge arising from her termination on June 9, 2004. On July 3, 2008, an Amended Complaint was filed in which Linda Pasichnyk was also named as a plaintiff.

The plaintiffs claimed that female employees had been paid lower compensation (including salary, bonus, and stock options) than men doing the same work and were denied awards of officer titles and promotion to more senior positions than men received. They sought to change Willis's policies and to obtain lost earnings and other damages on behalf of themselves and other women who have held jobs covered by this case from January 1, 2002 through December 31, 2007.

Throughout the case, Willis denied and continues to deny all charges of wrongdoing or liability associated with all of the claims alleged, but wishes to resolve and settle the lawsuit and Ms. Cronas's individual claims. The Court did not rule on the merits of whether Willis discriminated against women or Ms. Cronas individually or whether Willis's conduct violated any laws.

Plaintiffs and Willis, and their counsel, have concluded that the Settlement is advantageous, considering the risks and uncertainties to each side of continued litigation. The parties and their counsel have determined that the Settlement is fair, reasonable, and adequate and is in the best interest of the members of the Class.

## II.    SUMMARY OF THE SETTLEMENT

The Consent Decree setting forth the terms of the Settlement provides for the following:

2

A.      Who is included in the Settlement?

You are included in the Settlement if you were employed by Willis of New York, Inc. at any time from January 1, 2002 through December 31, 2007 and held a position eligible for the award of an officer title (such as Assistant Vice President, Vice President, Senior Vice President and Executive Vice President).   The list of eligible positions is attached as Exhibit A at the end of this Notice.

B.      What is the legal effect of the Settlement on my rights?

If you are a member of the Class, the Settlement will affect you.  If the Court grants final approval of the Settlement, described at Part II.F below, this action will be dismissed with prejudice and all Class Members will fully release and discharge defendants from all claims for monetary or injunctive relief for claims of sex discrimination in regard to compensation and promotion arising at any time between January 1, 2002 to December 31, 2007.  When a person "releases" claims, that means she cannot sue the defendants for any of the claims covered by the release.  If you are a Class Member and you have not previously released or resolved your claims, you will receive a payment based upon the distribution formula described below.

C.      Can I decide to opt out of this Settlement?

The Class is now certified under Rule 23(b)(2), which does not provide a right to opt out of the Class.  This means that, after the Court grants final approval of the Settlement, you will not be able to bring your own separate lawsuit or other legal proceeding regarding the claims covered in this lawsuit, for the period covered by this lawsuit.

D.      What if a Class Member is deceased?

The authorized legal representative(s) of a Class Member may receive a recovery on behalf of the Class Member.

E.      How and What Do I Do to Make Sure The Settlement Administrator Has My Correct Address?

If your address changes from the address to which this Notice was directed, you must notify the Settlement Administrator of your new address as soon as possible.  Failure to keep the Settlement Administrator informed of your address may result in the loss of any monetary award you might be eligible to receive.  Please send new contact information to the Settlement Administrator at the address listed below and include your old address, new address, new telephone number, date of birth, and Social Security number.  These last two items are required so that the Settlement Administrator can verify that the address change is from an actual class member.

Willis Claims Administrator
c/o Rust Consulting, Inc.
P.O. Box 920
Minneapolis, MN  55440-0920
877-526-1014

F. What will I receive from the Settlement?

The total Settlement Fund is $11,595,030.85.  That consists of (i) $8,068,362.88 to compensate the class claims of all eligible class members, including the Class Representatives (the "Settlement Class Payment"); (ii) $325,771.06 to compensate Class Representative Cronas for her individual claims; and (iii) $3,200,896.91 to compensate class counsel for their attorneys' fees and expenses.  If you are a Class member, you will receive a share of the $8,068,362.88, unless you have previously released or resolved your claims or potential claims.  Your payment is for lost wages, and thus is subject to normal tax withholding.

Although we cannot determine the exact amount of your individual Settlement Payment at this time, your final Settlement Payment will be based on a formula devised by plaintiffs' statistical expert, Dr. Mark Killingsworth, for use at trial.  Using the percentage difference in compensation between men and women identified in Model 3 of Dr. Mark Killingsworth's Expert Report as revised May 11, 2010, Dr. Killingsworth will calculate for each Class Member the additional compensation she would have earned under Model 3, for the weeks during the covered period (January 1, 2002 through December 31, 2007) in which she was employed by Willis.  The amount calculated for each eligible Class Member will be added together to calculate the total payments.  Each class member's proportionate share of the total payment will be calculated, and each eligible class member will be allocated that percentage of the Settlement Fund, after the service awards amounts for the class representatives, described below, have been deducted ($8,068,362.88).  For example, if a class member's proportionate share of the total alleged back pay is ½ %, then she would be awarded ½ % of $8,068,362.88, or $40,341.81.  Dr. Killingsworth's calculation will be final.

G. What are the Class Representatives being paid in connection with this settlement?

- As noted above, Class Representative Cronas will be paid $325,771.06 in settlement of her individual claims.  Cronas's individual claims are for discriminatory and retaliatory discharge, following a demotion which she also challenged as discriminatory.  These claims were explored in extensive discovery, including depositions of Ms. Cronas and her former supervisors, production of numerous documents by Willis in response to demands by Cronas, and production by Ms. Cronas of documents and sworn statements supporting her claims by persons who had worked in her group.

4

- Class Representative Linda Pasichnyk also filed a separate lawsuit against Willis, *Pasichnyk v. Willis Group Holdings, Ltd., Willis of North America Inc., Willis Corroon Corporation of New York, Inc., and Willis Americas Administration*, Index No. 107097/2010, which is now pending in Supreme Court, New York County. This lawsuit alleges constructive discharge and a hostile work environment. This lawsuit is being settled separately by payments to Pasichnyk totaling $355,866.06 and payment to class counsel of $241,998.35 for their fees and costs in prosecuting these claims.

- Theresa Reardon, who was dismissed as a class representative and class member, initiated a claim for arbitration against Willis. This claim is being settled separately by payments to Reardon totaling $50,000 and payment to class counsel of $157,104.74 for their fees and costs in prosecuting her claims.

- These payments are paid in settlement of their separate, non-class claims and are separate from and in addition to the shares of the $8,068,362.88 class settlement payment that Cronas and Pasichnyk will receive as Class Members.

H.   What are the Plaintiffs' counsels' fees and costs?

Plaintiffs' counsel are submitting a motion to the Court seeking approval for an award of $3,200,896.91 for the attorneys' fees and out-of-pocket expenses incurred in litigating this case. If approved by the Court, this amount will be deducted from the Settlement Fund. This amount represents only the time and disbursements actually expended and advanced in the almost seven years class counsel have investigated and prosecuted the claims being resolved in this Settlement. The motion for attorneys' fees and expenses will be posted at www.gslawny.com when it is submitted to the Court. It is anticipated that the motion will be submitted and posted on or before September __, 2011.

I.   What other relief was agreed to by Willis?

In addition to the monetary relief described above, the Class Representatives, Willis and the attorneys for the Class have agreed to the following injunctive relief:

1.   Performance Evaluations

Willis will utilize a performance appraisal system that uses factors that are anchored in observable behaviors that are necessary in achieving success in the job, and result in an overall numerical rating. Managers will be trained on how to administer the process properly, and evaluations will continue to be completed at least annually. The results of the performance

evaluations will be used in setting and adjusting compensation.  In addition, for supervisory employees, the performance appraisal will include factors which assess their efforts and success in cultivating and managing a diverse workforce.


2.      Compensation Practices

Willis will set forth in writing the factors used to make compensation decisions, and ensure the factors are defined in sufficient detail to guide managers' compensation decisions.  Before compensation decisions are final, Willis' Human Resources will review proposed decisions and evaluate whether there are significant (i.e., material) disparities, or a pattern of disparities, between similarly situated male and female employees, and will recommend adjustments if appropriate.


3.      Promotion Practices

Willis will post all vacancies so that current employees will have the opportunity to apply for other positions at Willis of New York, Inc.  Should Willis become aware of any formal or informal complaint of discriminatory promotion practice(s) based on gender within Willis of New York, Inc. = whether raised by employees, managers, Human Resources or Class Counsel, and whether raised to managers or to Human Resources and whether raised locally or to a Willis employee situated elsewhere – Willis will investigate and make any necessary adjustment within one hundred eighty (180) days.  Willis will report these findings within one hundred eighty (180) days of the complaint.

4.      Review by an independent monitor.

Any revisions to Willis of New York, Inc.'s performance appraisal policy or compensation policy will be presented to a Monitor, Kathleen Lundquist, who has been agreed to by the parties, for review and comment before being adopted by Willis.

After Human Resources reviews compensation decisions and after adjustments, if any, are made, the same information will be provided to the Monitor, Kathleen Lundquist, to make an independent assessment of whether there are significant (i.e., material) disparities in compensation between similarly situated male and female employees which should be adjusted. If Willis does not make any adjustments proposed by the Monitor, then the Monitor will notify counsel for the parties.

III.    CLASS REPRESENTATIVES' AND CLASS COUNSEL'S SUPPORT OF THE SETTLEMENT.

The Class Representatives and Class Counsel support this settlement.  Their reasons include the inherent risks of denial of class certification (which has not been ruled upon by the Court), the risk of no recovery or limited recovery if a trial proceeded on the merits, and the inherent delays and uncertainties associated with litigation. Based on their experience litigating similar cases,

Class Counsel believe that further proceedings in this case, including a trial and probable appeals, would be very expensive and protracted.  No one can confidently predict how the various legal questions at issue, including the amount of damages, would ultimately be resolved. Therefore, upon careful consideration of all of the facts and circumstances of this case, Class Counsel believe the Settlement is fair, reasonable and adequate.

## IV.    WHAT OPPORTUNITY WILL I HAVE TO GIVE MY OPINION ABOUT THE SETTLEMENT?

If you wish to object to the Settlement, you may submit a written statement of the objection to the Claims Administrator at the address in the following paragraph.  Your written objection should include all reasons for the objection.  You will not be allowed to present reasons for your objection that you did not describe in your written objection.

To be considered, your objection must be mailed to Willis Claims Administrator, c/o Rust Consulting, Inc., P.O. Box 920, Minneapolis, MN 55440-0920 via First Class United States Mail, postage prepaid, or by overnight mail or delivery service such as Federal Express or United Parcel Service, and must be received by October__, 2011.  The statement must also include your name, job title, dates of employment, address, and telephone numbers.

If you file an objection to the Settlement, you also have a right to appear at the Fairness Hearing either in person or through counsel hired by you (at your own expense).  If you wish to appear at the Fairness Hearing, you should state your intention to do so in writing on your objection at the time you submit your written objection.  You will not be permitted to present an objection at the Fairness Hearing based on a reason not stated in your written objection.

## V.    FINAL SETTLEMENT APPROVAL HEARING.

The Court will hold a Fairness Hearing at 11:30 a.m. on October __, 2011 in Courtroom 21B of the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, New York. to determine whether the settlement should be finally approved as fair, reasonable and adequate. The Court will also be asked to approve Class Counsel's request for costs and attorneys' fees. The hearing may be postponed without further notice to the Class. You are not obligated to attend this hearing.

## VI.    GETTING MORE INFORMATION.

The above is a summary of the basic terms of the Settlement.  For the precise terms and conditions of the Settlement, you are referred to the Consent Decree, dated August 25, 2011, which will be on file with the Clerk of Court and may be examined on-line at www.gslawny.com.  Class members without access to the internet may be able to review this document on-line at locations such as a public library.  In addition, the pleadings and other records of this litigation, including the Consent Decree, may be examined at any time during regular business hours in the Clerk's Office of the Daniel Patrick Moynihan United States

Courthouse, 500 Pearl Street, New York, New York, or you may contact Class Counsel for assistance in obtaining a copy of the Consent Decree.

The attorney for Plaintiffs, who is also Class Counsel, is:

Robert L. Herbst, Esq.

Giskan Solotaroff Anderson & Stewart LLP

11 Broadway, Suite 2150

New York, NY 10004

(646) 964-9611

If you have any questions or require additional information, you may call or write to the above attorney or write to the Willis Claims Administrator, c/o Rust Consulting, Inc., P.O. Box 920, Minneapolis, MN 55440-0920, stating that you are requesting assistance regarding the Cronas litigation.

**PLEASE DO NOT TELEPHONE THE COURT, DEFENDANTS' COUNSEL, OR WILLIS FOR MORE INFORMATION REGARDING THIS SETTLEMENT OR THE CLAIMS PROCESS!**

| jc | job_title |
|---|---|
| AZ100 | Chief Financial Officer |
| AZ150 | Regional Finance Officer |
| AZ300 | Controller |
| AZ315 | Insurance Controller |
| AZ400 | Accounting Manager |
| AZ401 | Insurance Accounting Manager |
| AZ445 | Strategic/Fin Projects Mgr |
| AZ450 | Senior Financial Analyst |
| AZ475 | Financial Analyst |
| AZ600 | Business Analyst |
| CA300 | IMS Manager |
| CA310 | Loss Control / Risk Manager |
| CA320 | Senior Loss Control Risk Mgr |
| CA400 | Senior Loss Control Consultant |
| CA410 | Loss Control Consultant |
| CA420 | Safety & Loss Control Engineer |
| CA430 | SR Safety Loss Control Engr |
| CA500 | Claims Manager |
| CA510 | Claims Supervisor |
| CA520 | Senior Claims Specialist |
| CA530 | Claims Specialist |
| CA538 | Senior Claims Adjuster |
| CA650 | Claims Consultant |
| EA260 | Regional Admin Officer |
| EA290 | EVP - Special Projects |
| EA295 | EVP - Operations |
| EA300 | Chairman |
| EA310 | Chief Executive Officer |
| EA315 | President |
| EA320 | Chief Operating Officer |
| EA330 | Managing Director |
| EA345 | Production Manager - WNA |
| EA350 | Region Manager |
| EA355 | Unit Manager - WNA |
| EA385 | Regional Partner |
| EA390 | National Partner |
| GZ100 | Chief Administrative Officer |
| GZ300 | Office Manager |
| GZ310 | Assistant Office Manager |
| GZ315 | Analyst |
| GZ317 | Communications Specialist |
| GZ318 | Communications Manager |
| GZ320 | Administration Manager |
| GZ420 | Bus. Development Administrator |
| GZ504 | Facilities Manager |
| HZ310 | Regional HR Manager |
| IT043 | Technical Specialist |
| IZ380 | Bus Systems Coordinator IV |
| IZ430 | Senior Programmer / Analyst |
| IZ471 | Business Systems Manager |
| MA300 | Marketing Director |
| MA310 | Marketing Manager |

| MA325 | Regional Marketing Officer |
|---|---|
| MA330 | Senior Marketing Manager |
| MA400 | Senior Broker - WNA |
| MA405 | Broker - WNA |
| MA500 | Senior Marketing Specialist |
| MA505 | Market Strategy Specialist |
| MA510 | Marketing Specialist |
| MA515 | Marketing Analyst |
| MA600 | Resource Manager |
| MA620 | Senior Resource Specialist |
| MA720 | Bus. Development Administrator |
| NA001 | Temporary--Consulting |
| NO100 | Practice Leader |
| NO200 | Senior Resource Consultant |
| NO250 | Managing Director |
| NO490 | Managing Consultant |
| NO500 | Senior Consultant |
| NO505 | Consultant |
| NW100 | Wrap Trac Center Manager |
| PA310 | Unit Manager / Team Leader |
| PA320 | Asst Unit Mgr / Team Leader |
| PA500 | Producer |
| PA525 | Associate Producer |
| PA550 | Investment Hire Producer |
| PA600 | Producer / Account Executive |
| PA603 | Senior Broker |
| PA605 | Broker |
| RA001 | Temporary--Producer/Servicer |
| RA340 | Account Executive |
| RA342 | Associate Client Advocate |
| RA345 | Client Advocate |
| RA347 | Senior Client Advocate |
| RA350 | Senior Account Executive |
| RA550 | Investment Hire Producer |
| RA600 | Producer / Account Executive |
| SA001 | Temporary--Client Services |
| SA200 | Senior Client Manager |
| SA210 | Client Manager |
| SA220 | Regional Service Officer |
| SA300 | Client Services Manager |
| SA315 | Senior Technical Broker |
| SA317 | Technical Broker |
| SA320 | Account Executive |
| SA330 | Associate Account Executive |
| SA340 | Client Services Supervisor |
| SA342 | Associate Client Advocate |
| SA345 | Client Advocate |
| SA347 | Senior Client Advocate |
| SA350 | Client Service Director, NA |
| SA355 | Casualty Svc Unit Manager |
| SA358 | Service Leader |
| SA400 | Senior Account Manager |
| SA410 | Account Manager |

| SA420 | Assistant Account Mgr/CSR III |
|-------|-------------------------------|
| SA445 | Associate Broker |
| SA500 | Technical Assistant |
| SA800 | Special Services Manager |
| TA200 | Regional Executive Officer |
| TA300 | Production Manager |
| TA305 | Team Leader - WNA |
| TA310 | Chief Executive Officer |
| TA320 | Asst Unit Mgr/Team Leader |
| TA330 | Managing Director |
| TA350 | Region Manager |
| UO200 | Underwriting Manager |

3